UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RAYMOND J. CERILLI                :
                                  :
     v.                           :        Case No. 3:14cv1551(AWT)
                                  :
CAY, et al.                       :

RULING ON PLAINTIFF'S OBJECTION [Doc. #14]

The plaintiff, Raymond Cerilli, is an inmate currently
incarcerated at Garner Correctional Institution in Newtown,
Connecticut.  He has filed a complaint *pro se* pursuant to 28
U.S.C. § 1915 against defendants Correctional Officers Cay,
Opalacz and Pulster, Captain Molden and Lieutenants Darczyn and
Roy.  All defendants are named in their individual capacities
only.   On January 15, 2015, the Court denied the plaintiff's
motion to proceed *in forma pauperis* as barred under the three
strikes provision of the Prison Litigation Reform Act, 28 U.S.C.
§ 1915(g).  *See* Doc. #11.  The plaintiff failed to tender the
filing fee as directed.  Thus, on March 20, 2015, the Court
dismissed the case.  *See* Doc. #12.

Although the plaintiff could have filed a motion for
reconsideration of the denial of his motion to proceed *in forma
pauperis*, he did not do so.  Instead, he has filed an objection

to the dismissal of his case.  The Court considers the objection
as a motion for reconsideration.

In his objection, the plaintiff contends that the Court was
mistaken in the ruling denying *in forma pauperis* status.  He
contends that he suffers "life threatening injuries," Doc. #14
at 1, and attachs an MRI report from January 2015 to support his
contention.[1]

A motion for reconsideration must be filed within fourteen
days from the filing of the decision from which relief is
sought.  D. Conn. L. Civ. R. 7(c)1.  Although the plaintiff's
objection is directed to the dismissal order, he does not
challenge the fact that he failed to comply with the order to
tender the filing fee, which is the basis for the dismissal of
this case. Rather, he seeks reconsideration of the denial of *in
forma pauperis* status.  A motion for reconsideration of that
decision should have been filed no later than January 29, 2015.
The plaintiff did not file his objection until March 27, 2015,
nearly two months too late.

However, even if the plaintiff had timely filed a motion
for reconsideration, relief would have been denied.  As the

---

[1] The plaintiff also includes allegations that the Department of
Correction and the Court are conspiring to cover-up his injuries and the
wrongful conduct of the defendants and to deny him appropriate medical
treatment.  These last allegations lack any basis in fact.  As the complaint
has not been served, the Department of Correction has had no involvement in
this case and no contact with the Court regarding this matter.

Court explained in the prior ruling, a prisoner barred under the three strikes provision may file an action without prepayment of the filing fee only if he can demonstrate an "imminent danger of serious physical injury."  *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").  The plaintiff must show both that (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury.  *See id.* at 296-97.  In addition, the danger of imminent harm must be present at the time the complaint is filed.  *See id.* at 296. *See also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate").

In the ruling denying *in forma pauperis* status, the Court noted that the complaint concerned a motor vehicle accident that occurred four months before the plaintiff filed his complaint. The defendants were all custodial staff who were directly involved in, or immediately responded to, the accident.  The allegations concern the plaintiff's contentions that the defendants did not ensure that he received proper medical treatment immediately following the accident.  Although the

3

plaintiff references specific alleged lapses in the medical care
provided, no doctors or medical staff are included as defendants
because the plaintiff was pursuing those claims in a separate
action in state court.  The Court concluded that, because the
plaintiff is housed at a different correctional facility from
the ones referenced in the complaint and no longer has any
contact with the defendants, he failed to meet the exception to
the three-strikes provision.

The defendants, all custodial staff, have no ability to
provide medical treatment to the plaintiff, who is confined at a
different correctional facility.  The plaintiff has named these
defendants only in their individual capacities and seeks only
damages from them.  The purported imminent danger of serious
physical injury relates to the plaintiff's current, allegedly
improper, medical treatment.  The plaintiff seeks a general
injunction regarding current treatment.  This request, however,
cannot be satisfied by the defendants, who are not medical staff
and are located at different correctional facilities.  In
addition, injunctive relief cannot be provided by the defendants
in their individual capacities.  Thus, a decision favorable to
the plaintiff would not redress these concerns.  "To the extent
that the plaintiff seeks prospective relief from imminent danger
involving his medical condition, that relief can only be sought
from those responsible for his ongoing medical treatment."

4

*Nelson v. Chang*, No. 08-CV-1261(KAM)(LB), 2009 WL 367576, at *3 (E.D.N.Y. Feb. 10, 2009)(declining to find exception to three-strikes prohibition where inmate sought prospective relief from medical condition from persons who had provided medical care at a correctional facility in which he previously was incarcerated).

Thus, the Court previously concluded, and concludes again, that the plaintiff's allegations fail to demonstrate an imminent danger of serious physical harm and that he does not meet the exception to the three-strikes prohibition.

<u>Conclusion</u>

The plaintiff's objection [**Doc. #14**], which the Court has reviewed as a motion for reconsideration, is **OVERRULED**.

It is so ordered.

Signed this 28th day of July 2015, at Hartford, Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge

5